# EXHIBIT A

# SHAREHOLDER PROTECTION AGREEMENT

This is a Shareholder Protection Agreement (hereinafter "Agreement") made by and between Government App Solutions, Inc., a California corporation, located at 980 9th Street, 16th Floor Sacramento, CA 95814 (hereinafter "Company") and the shareholder identified as _____Kevin Johnson_____, and whose address is _Seven, P.O. Box 5757, Sacramento, CA 95817_ (hereinafter "Shareholder").

RECITALS:

A.   WHEREAS, the Company has developed and acquired, and continues to develop and acquire, technology, financial and business plans, and strategic relationships, including an award of a very lucrative service contract by a municipality, all of which are making the Company more and more valuable;

B.   WHEREAS, the Company desires to protect the Company's continued success and growth, and desires to protect the Company and its shareholders from anything that could cause the Company to lose any of its value;

C.   WHEREAS, the Shareholder desires to have protection for the Shareholder's shares from anything that could cause the Company to lose any of its value, and thereby decrease the value of the Shareholder's shares;

NOW THEREFORE, in consideration of the Recitals stated above, the Company and the Shareholder are entering into this Agreement for their mutual benefit:

1.   **The Company's and the Shareholder's Responsibilities and Warranties.**

Neither the Company nor the Shareholder shall take any action, or engage in any conduct, directly or indirectly, that would result in the Company's value being diminished, or that would cause any monetary or any other damages to the Company.

The Company and the Shareholder agree and acknowledge that they each have the following mutual responsibilities:

a.   To refrain from taking any action, and to refrain from engaging in any conduct, that would directly or indirectly cause or result in the Company's value being diminished, or that would directly or indirectly cause any monetary or any other damages to the Company.

b. To not disclose to outside third parties, or to anyone else not authorized to receive such information, any of the Company's confidential information. "Confidential Information" means business information, pricing and contract terms, financial results, forecasts and projections, technical information, algorithms, source codes, performance statistics, product development plans, business proposals, know-how, trade secrets, and other information of a non-public nature that is known or used by the Company in connection with the operation of its business, including, its subsidiaries and affiliates, and that Shareholder becomes aware of in his or her capacity as a shareholder in the Company. Confidential Information includes, but is not limited to, information disclosed in writing or orally to the Shareholder and marked or indicated at the time of transmittal to be confidential information.

The Company and the Shareholder hereby agree and warrant that should either of them breach any of their mutual responsibilities as set forth above, including taking any action, or engaging in any conduct, directly or indirectly, that would result in the Company's value being diminished, or that would cause, directly or indirectly, any monetary or any other damages to the Company, then the Company and the Shareholder hereby agree as follows:

a. If the violating party is the Company, then the person or persons in the Company who have violated his or her responsibilities as set forth above shall pay monetary damages to the Company in the amount that the Company has lost value, and he or she shall also pay to the Company the amount that the Company has suffered in monetary damages as a result of the violating party's conduct or actions.

b. If the violating party is the Shareholder, then the Shareholder who has violated his or her responsibilities as set forth above shall pay monetary damages to the Company in the amount that the Company has lost value, and he or she shall also pay to the Company the amount that the Company has suffered in monetary damages as a result of the violating party's conduct or actions.

2. **Prohibition on Disclosure/Use of Confidential Information.**

The Company and Shareholder acknowledge and agree that the use or disclosure of any Confidential Information could result in irreparable damage to the business and goodwill of the Company. Accordingly, Company and Shareholder agree that they will not, directly or indirectly, disclose, publish, disseminate, or otherwise communicate any Confidential Information of the Company to any third party without the prior written consent of the Company.

Company and Shareholder agree to take all steps as may be necessary to prevent the negligent or inadvertent disclosure of the Company's Confidential Information, and Shareholder will notify the Company immediately of any unauthorized, negligent or inadvertent disclosure of the Company's Confidential Information, and Company will likewise notify Shareholder immediately of any unauthorized, negligent or inadvertent disclosure of the Company's Confidential Information.

**Exceptions.**

Notwithstanding any other provision in this Agreement to the contrary, Shareholder shall have no obligation to maintain in confidence, and shall be free to use or disclose for any and all purposes, any information that:

(1). was lawfully in Shareholder's possession at the time of disclosure by the Company;

(2) was at the time of disclosure by the Company, or later became without fault of Shareholder, publicly known;

(3) is disclosed to Shareholder by a third party that was not, to Shareholder's actual or constructive knowledge, under any legal restrictions as to such disclosure at the time was made;

(4) was independently developed or acquired by Shareholder or its subsidiaries, affiliates or independent contractors without the use of Confidential Information; or

(5) is required to be disclosed pursuant to the order of any court or other government or regulatory agency of competent jurisdiction, provided that prior written notice of such disclosure is furnished by Shareholder to the Company as soon as practicable in order to afford the Company an opportunity to seek, at its own expense, a protective order (it being agreed that if the Company is unable to obtain or does not seek a protective order and the Shareholder is legally compelled to disclose such information, disclosure of such information may be made without liability).

3. **Entire Understanding/Modification.**

This Agreement represents the entire understanding of the parties with respect to its subject matter and may not be modified except in a writing signed by both parties. The recitals above are true and correct and are part of this Agreement.

4. **Governing Law/Waiver of Jury Trial.**

This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to its conflicts of law provisions, in the United States, and the exclusive venue for any action, dispute or proceeding with respect to this Agreement shall be in the state or federal district court of Sacramento County, California, and each of the parties hereby consents, and expressly waives any objections, to jurisdiction and venue including the doctrine of forum non conveniens. The parties specifically waive the right to a jury trial in connection with any dispute arising out of this Agreement, or between the parties for any reason.

5. **Term.**

This Agreement becomes effective upon the latest date appearing in the signatures below and shall continue in force in perpetuity.

6. **Shareholder Review.**

Shareholder understands and acknowledges that this Agreement will have important legal consequences and imposes significant responsibilities and requirements on Shareholder. Shareholder acknowledges that he or she has had adequate opportunity to review and to consider the terms and conditions of this Agreement, and to consult with legal counsel of his or her own choosing regarding this Agreement.

7. **Binding Effect.**

This Agreement will be binding upon and inure to the benefit of the parties and their respective successors and assigns.

8. **Severability.**

If a court finds any provision of this Agreement invalid or unenforceable as applied to any circumstance, the other provisions of this Agreement and the same provision as applied to other circumstances will remain in effect to the maximum extent legally permissible.

9. **Counterparts.**

This Agreement may be executed by facsimile and in counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

IN WITNESS WHEREOF, the parties hereto or their duly authorized representatives have executed this Agreement as of the date(s) indicated below.

| Government App Solutions, Inc. | Shareholder |
|---|---|
| By: _[signature]_ | Signed: _[signature]_ |
| Title: CEO | Print Name: Kevin Johnson |
| Date: 1/24/20 | Date: 12.31.19 |