# EXHIBIT C

AGREEMENT
BY AND BETWEEN
THE CITY OF NEW HAVEN
AND
GOVERNMENT APP SOLUTIONS, INC.
FOR
PROFESSIONAL SERVICES
REGARDING



A19-1337

## PART I

This Agreement, consisting of Parts I and II, Exhibit A and Rider    , entered into this 30th day of December 2019, and effective the 21st day of November, 2019, is by and between the City of New Haven, having an address of 165 Church Street, New Haven, Connecticut 06510 (hereinafter referred to as the "City"), and Government App Solutions, Inc., with offices at 157 Church Street, 19th Floor, New Haven, CT 06510 (hereinafter referred to as the "Contractor").

WITNESSETH THAT:

WHEREAS, the City has determined that it requires parking and curbside management services to assist the City with collection of past due amounts arising from parking violations in the City; and

WHEREAS, the City issued, and Contractor responded to RFP Solicitation 2020-08-1306; and

WHEREAS, the City has selected the Contractor and the Contractor has agreed to perform the services for the terms and conditions set forth herein; and

WHEREAS, funds for this Agreement are available from account number 17041010-56694.

NOW, THEREFORE, in consideration of the mutual rights and duties arising out of this Agreement, the City and the Contractor hereby agree as follows:

SECTION 1:   ENGAGEMENT

101. The City hereby engages the Contractor and the Contractor hereby agrees to perform the services set forth herein in accordance with the terms and conditions and for the consideration set forth herein.

102. The person in charge of administering the services described under this Agreement on behalf of the City shall be Daryl Jones, or such other person or persons as may be designated by the City in writing.

103. The person responsible for the services to be performed by the Contractor shall be Gagandeep Johal, or such other qualified person as is designated in writing by the Contractor and accepted by the City.

104. The Contractor shall not subcontract any of the professional services to be performed by it under this Agreement, absent written approval by the City. The Contractor shall be as fully responsible to the City for the acts and omissions of its subcontractors, and of persons either directly or indirectly employed by them, as it is for the acts and omissions of persons directly employed by the Contractor.

## SECTION 2:   SCOPE OF SERVICES

201. The Contractor shall provide to the City services for parking and curbside management in accordance with Exhibit A which is attached hereto and made a part hereof as though fully set forth herein (the "Services"). In the event that any provision of said Exhibit A conflicts with Part I or Part II of this Agreement, Part I or Part II shall be controlling.

The Contractor shall perform the Services set forth under this Agreement in a satisfactory manner, as reasonably determined by the City. The Contractor shall make such revisions or modifications to its work, at its own cost and expense, as may be required by the City, however, the Contractor shall not be required to make revisions at its sole cost and expense where the revisions are based upon considerations outside the scope of Services initially given to the Contractor.

202. Contractor shall cooperate and coordinate data sharing with United Public Safety, Inc., or its successor, responsible for providing certain parking and curbside management services, including issuance of citations. Information sharing is critical for provision of Services.

203. All drawings, reports, and documents prepared by the Contractor under this Agreement, if any, shall be submitted to the City for review. Any such drawings, reports and documents shall be the exclusive property of the City of New Haven. The City will review and, as applicable, respond to materials submitted by the Contractor within a reasonable time frame. In the event the City disapproves of any of the submitted materials, or any portion thereof, or requires additional material in order to properly review the submission, the Contractor shall revise such disapproved work at its own cost and expense and submit the revised work or the additional required material for review and approval.

204. In performing the Services required under this Agreement, the Contractor shall consult with the City and shall meet, as appropriate, with other City employees or officials and with other persons or entities, as necessary, including State and Federal officials and/or neighborhood groups or organizations.

## SECTION 3:   INFORMATION TO BE FURNISHED TO THE CONTRACTOR

301. The City may provide the Contractor with such documents, data, and other materials in its possession appropriate to the Services to be performed hereunder, and will endeavor to

secure materials or information from other sources available to the City, as may be requested by the Contractor, for the purpose of carrying out Services under this Agreement.

302. The Contractor may use the information supplied under Section 301 only in conjunction with the Services to be performed pursuant to this Agreement.

## SECTION 4: TIME OF PERFORMANCE AND TERMINATION

401. The Contractor shall perform the Services set forth in Section 2 of this Agreement at such times and in such sequence as may be directed by the City.

402. This Agreement shall remain in effect until the Services required hereunder are completed to the satisfaction of the City, unless otherwise terminated by the parties hereto, but in any event shall terminate on 30 June 2020. The City may renew this Agreement for up to five (5) annual terms, at its option.

403. <u>Termination of Agreement for Cause</u>. If, through any cause not the fault of the City, the Contractor shall fail to fulfill in a timely and proper manner its obligations under this Agreement, or if the Contractor shall violate any of the covenants, agreements, or stipulations of this Agreement, the City shall thereupon have the right to terminate this Agreement by giving written notice to the Contractor of such termination and specifying the effective date thereof, at least five (5) business days before the effective date of such termination. In the event of such termination, all finished or unfinished documents, data, studies, and reports prepared by the Contractor under this Agreement shall, at the option of the City, become its property.

Notwithstanding the above, the Contractor shall not be relieved of liability to the City for damages sustained by the City by virtue of any breach of this Agreement by the Contractor, and the City may withhold any payments to the Contractor for the purpose of setoff until such time as the exact amount of damages due the City from the Contractor is determined.

404. <u>Termination for Convenience of the City</u>. Notwithstanding any other provision in this Agreement, the City reserves the right to terminate this Agreement for its convenience, including for any reason other than for cause, as described in Section 403 above, upon twenty-one (21) days written notice to the Contractor. The Contractor shall be paid for satisfactory Services rendered up to the termination date upon submission to the City of all written memorandums, reports or other partially complete or incomplete documents, and such other materials as will reasonably facilitate transfer to a new Contractor.

## SECTION 5: COMPENSATION

501. The City shall compensate the Contractor for satisfactory performance of the Services required under Section 2 of this Agreement, at a rate of eighteen percent (18%) of amounts collected from outstanding citations. Citations are deemed to be outstanding if (i) remain unpaid 365 days from issuance and (ii) are not engaged in an appeal.

502. Compensation provided under this Section 5 constitutes full and complete payment for all costs assumed by the Contractor in performing this Agreement including but not limited to: salaries; consultant fees; costs of materials and supplies; printing and reproduction; meetings; consultations; presentations; travel expenses; postage; telephone; clerical expenses; and all similar expenses. No direct costs shall be reimbursed by the City.

503. The City may pay certain out-of-pocket expenses in advance, as follows:

- Court costs
- Up to three mailings per citation at a rate of $0.90 per mailing, plus postage.

Contractor shall invoice the City not less than quarterly nor more frequently than weekly for out-of-pocket expenses. Contractor shall have no obligation to advance court costs or mailing expenses prior to payment of such invoice. The Contractor shall submit invoices electronically via email submission to the City of New Haven's Accounts Payable department at the following email address: NHInvoice@newhavenct.gov.

504. Contractor shall remit amounts recovered to the City, less fees and costs, not less than quarterly. The City may require the Contractor to submit to it such additional information with respect to the Contractor's costs as the City deems necessary. The City may inspect Contractor's books and records relative to the Services, at any time during normal business hours. The City reserves the right to audit Contractor's records relative to the Services at its convenience and expense.

505. No contract for employment is intended or implemented by this Agreement and no fringe benefits will be paid to the Contractor hereunder. The Contractor's relationship to the City is that of an independent contractor.

## SECTION 6:   INSURANCE AND INDEMNIFICATION

601. Contractor shall defend, indemnify and hold harmless the City of New Haven, and its officers, agents, servants and employees, from and against any and all actions, lawsuits, claims, damages, losses, judgments, liens, costs, expenses and reasonable counsel and consultant fees sustained by any person or entity ("Claims"), to the extent such Claims are caused by the acts, errors or omissions of the Contractor, including its employees, agents or subcontractors, directly or indirectly arising out of, or in any way in connection with, the obligations of the Contractor pursuant to this Agreement.

602. See attached Rider A which provisions, by this reference, are part of this Agreement as if fully incorporated herein.

## SECTION 7:   TERMS AND CONDITIONS

701. This Agreement is subject to and incorporates the provisions attached hereto as City of New Haven Contract for Professional or Technical Services Part II, Terms and Conditions. In

the event any provision of said Part II conflicts with any provision of this Part I of this Agreement, Part I shall be controlling.

702. This Agreement, its terms and conditions and any claims arising therefrom, shall be governed by Connecticut law. The Contractor shall comply with all applicable laws, rules, ordinances, regulations and codes of the State of Connecticut and the City of New Haven. In addition, the Contractor shall comply with all applicable Federal laws, codes, rules and regulations.

703. The parties agree that they waive a trial by jury as to any and all claims, causes of action or disputes arising out of this Agreement or Services to be provided pursuant to this Agreement. Notwithstanding any such claim, dispute, or legal action, the Contractor shall continue to perform Services under this Agreement in a timely manner, unless otherwise directed by the City.

704. The City and the Contractor each binds itself, its partners, successors, assigns and legal representatives to the other party to this Agreement and to the partners, successors, assigns and legal representatives of such other party with respect to all covenants of this Agreement.

705. This Agreement incorporates all of the understandings of the parties hereto as to the matters contained herein and supersedes any and all agreements reached by the parties prior to the execution of this Agreement, whether oral or written, as to such matters. Unless specifically revised in Exhibit A, this Agreement incorporates by this reference the obligations, agreements and representations of the Contractor as required by the City's Request For Proposal #2020-08-1306, and any addendum thereto, (the "City's RFP") and as submitted in, or acknowledged by submission of, the Contractor's response to the City's RFP and any addendum thereto.

706. If any provision of this Agreement is held invalid, the balance of the provisions of this Agreement shall not be affected thereby if the balance of the provisions of this Agreement would then continue to conform to the requirements of applicable laws.

707. Any waiver of the terms and conditions of this Agreement by either of the parties hereto shall not be construed to be a waiver of any other term or condition of this Agreement.

708. The City may, from time to time, request changes in the scope of Services of the Contractor to be performed hereunder. Such changes, including any increase or decrease in the amount of the Contractor's compensation, which are mutually agreed upon by and between the City and the Contractor, shall be incorporated in written amendments executed by both parties to this Agreement.

709. References herein in the masculine gender shall also be construed to apply to the feminine gender, and the singular to the plural, and vice versa.

710. Article headings are for the convenience of the parties only and do not describe or limit the contents of the Section.

711. Failure of the Contractor to comply with any provision of this Agreement is a Contractor default under this Agreement and the City reserves any and all rights including self-help, termination pursuant to Section 403 herein and any and all other remedies available to the City at law or in equity.

712. Except as otherwise specifically provided in this Agreement, whenever under this Agreement notices, approvals, authorizations, determinations, satisfactions or waivers are required or permitted, such items shall be effective and valid only when given in writing signed by a duly authorized officer of the City or the Contractor, whichever is applicable, and delivered in hand or sent by mail, postage prepaid, to the party to whom it is directed, which until changed by written notice, are as follows:

    Contractor:    Gagandeep Johal, CEO
                         Government App Solutions
                         157 Church Street
                         New Haven, CT 06510

    City:            Daryl Jones, Controller
                         City of New Haven
                         200 Orange Street, Third Floor
                         New Haven, CT 06510

IN WITNESS WHEREOF, the parties have executed two (2) counterparts of this Agreement No. A19-1337 as of the day and year first above written.

WITNESSES:

_Alexis Perkins_

_Jason Alston_

Approved as to Form and Correctness:

_[signature]_

Catherine E. LaMarr
Deputy Corporation Counsel

WITNESSES:

Meredith Merth

Meredith Merth

CITY:
CITY OF NEW HAVEN

By: _Toni N. Harp_
Toni N. Harp
Mayor

CONTRACTOR:
GOVERNMENT APP SOLUTIONS, INC.

By: _[signature]_
Name: **Gagandeep Johal**
Its:     12/30/19
Duly Authorized

- 7 -

<u>CITY OF NEW HAVEN</u>
<u>CONTRACT FOR PROFESSIONAL OR TECHNICAL SERVICES</u>
<u>PART II - TERMS AND CONDITIONS</u>

1. <u>Personnel</u>. (a) The Contractor represents that it has, or will secure at its own expense, all personnel required in performing the services under this Agreement. Such personnel shall not be employees of or have any contractual relationship with the City.

    (b) All the services required hereunder will be performed by the Contractor or under its supervision and all personnel engaged in the work shall be fully qualified and shall be authorized or permitted under State or local law to perform such services.

    (c) No person who is serving a sentence in a penal or correctional institution shall be employed on work under this Agreement. The foregoing sentence shall not be interpreted to interfere with the Contractor's compliance with the City's Ban the Box requirements.

2. <u>Anti-Kickback Rules</u>. Salaries of architects, draftsmen, technical engineers, and technicians performing work under this Agreement shall be paid unconditionally and not less often than once a month without deductions or rebate on any account except only such payroll deductions as are mandatory by law or permitted by the applicable regulations issued by the Secretary of Labor pursuant to the "Anti-Kickback Act" of June 13, 1934, as now codified in 18 U.S.C. § 874 and 40 U.S.C. § 3145. The Contractor shall comply with applicable "Anti-Kickback" regulations and shall insert appropriate provisions in all subcontracts covering work under this Agreement to ensure compliance by subcontractors with such regulations, and shall be responsible for the submission of affidavits required of subcontractors thereunder except as the Secretary of Labor may specifically provide for variations or exemptions from the requirements thereof.

3. <u>Withholding of Salaries</u>. If, in the performance of this Agreement, there is any underpayment of salaries by the Contractor or by any subcontractor thereunder, the City shall withhold from the Contractor out of payments due to him an amount sufficient to pay to employees underpaid the difference between the salaries required hereby to be paid and the salary actually paid such employees for the total number of hours worked. The amounts withheld shall be disbursed by the City for and on account of the Contractor or subcontractor to the respective employees to whom they are due.

4. <u>Claims and Disputes Pertaining to Salary Rates</u>. Claims and disputes pertaining to salary rates or to classifications of architects, draftsmen, technical engineers, and technicians performing work under this Agreement shall be promptly reported in writing by the Contractor to the City, and the City's decision regarding such claims and disputes shall be final. Particularly with respect to this Section and Section 5 above, the City reserves the right to inspect Contractor's records with respect to this Agreement and specifically, without limiting the generality of the foregoing, payroll and employee records with respect to the work performed pursuant to this Agreement.