PHILLIP A. TALBERT
Acting United States Attorney
PHILIP A. SCARBOROUGH (SBN 254934)
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOVERNMENT APP SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | CASE NO. 2:21-CV-00696-TLN-KJN<br><br>**ORDER**<br><br>JUDGE: Hon. Troy L. Nunley |

Pending before the Court is the stipulation of plaintiff Government App Solutions, Inc. ("GAS") and defendants Michael Anderson, Amy S. Hitchcock, Rebekah Bills, Rachael LaChapelle, and the United States, sued herein as the United States Attorney's Office for the Eastern District of California and the Federal Bureau of Investigation, to dismiss Count VI and Count XI of the First Amended Complaint ("FAC"), and the stipulation of GAS and Hitchcock to dismiss any remaining claims in the FAC asserted against Hitchcock without prejudice. Good cause appearing, the stipulation is APPROVED.

Count VI of the FAC asserts that Anderson, Bills, LaChapelle, and the United States, acting through the United States Attorney's Office for the Eastern District of California and the Federal Bureau of Investigation, are liable to GAS for negligence. *See* ECF 6 ¶¶ 94-102. Count XI of the FAC asserts that Anderson and the United States, acting through the United States Attorney's Office for the Eastern District of California, are liable to GAS for negligence. *See id.* ¶¶ 142-153. GAS agrees that, with

respect to Count VI and Count XI, Anderson, Bills, LaChapelle, and Hitchcock were acting within the course and scope of their federal employment. *See id.* ¶¶ 6-9. These two claims accordingly assert torts against federal employees for acts or omissions that occurred within the course and scope of their federal employment. *See id.* ¶¶ 6-9. The Westfall Act, 28 U.S.C. § 2679, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). Accordingly, Anderson, Hitchcock, Bills, and LaChapelle are immune from suit for Count VI and Count XI. *See* 28 U.S.C. § 2679(b)(1). Those two counts therefore must be dismissed to the extent either claim is asserted against any of the individual federal employees, *see Osborn*, 549 U.S. at 229, and must be pursued, if at all, against the United States under the Federal Tort Claims Act ("FTCA").

Count VI and Count XI also assert tort claims against the United States Attorney's Office for the Eastern District of California and the Federal Bureau of Investigation. Under the FTCA, no subject matter jurisdiction exists with respect to tort claims brought against a federal agency unless, prior to filing suit, the plaintiff has complied with the administrative claim requirements of the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). GAS has not yet exhausted its administrative remedies under the FTCA. Accordingly, this Court lacks subject matter jurisdiction over any tort claims asserted against the United States or any of its agencies.

GAS and Hitchcock further stipulate that any remaining claims asserted against Hitchcock in the FAC be dismissed without prejudice, with each party to bear its own costs.

For the foregoing reasons, defendants Michael Anderson, Amy S. Hitchcock, Rebekah Bills, and Rachael LaChapelle are immune to suit for Count VI and Count XI. Count VI and Count XI are DISMISSED WITHOUT LEAVE TO AMEND to the extent they are asserted against Anderson, Hitchcock, Bills, and LaChapelle. GAS, Anderson, Hitchcock, Bills, and LaChapelle shall each bear their own costs with respect to Count VI and Count XI.

To the extent Count VI and Count XI are asserted against the United States, the United States Attorney's Office for the Eastern District of California, the Federal Bureau of Investigation, or any other agency of the federal government, this Court presently lacks subject matter jurisdiction under the FTCA

because GAS did not exhaust the administrative tort claim process required by the FTCA prior to filing suit. Accordingly, Count VI and Count XI are DISMISSED WITHOUT PREJUDICE to the extent they are asserted against the United States, the United States Attorney's Office for the Eastern District of California, or the Federal Bureau of Investigation. This order of dismissal is made without prejudice to any argument the United States may make concerning the adequacy of GAS's attempt to comply with the FTCA's administrative claim procedure, including without limitation whether GAS's administrative tort claims are barred by the applicable statute of limitations.

Any remaining claims in the FAC asserted against defendant Amy S. Hitchcock are DISMISSED WITHOUT PREJUDICE, with each party to bear its own costs.

IT IS SO ORDERED.

Dated: September 17, 2021

Troy L. Nunley
United States District Judge