PHILLIP A. TALBERT
Acting United States Attorney
PHILIP A. SCARBOROUGH (SBN 254934)
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Philip.Scarborough@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOVERNMENT APP SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | CASE NO. 2:21-CV-00696-TLN-KJN<br><br>STIPULATION AND ORDER TO DISMISS ALL REMAINING CLAIMS AGAINST THE FEDERAL DEFENDANTS WITHOUT PREJUDICE<br><br>JUDGE:   Hon. Troy L. Nunley |

Plaintiff Government App Solutions, Inc. ("GAS"), and defendants Michael Anderson; Rebekah Bills; Rachael LaChapelle; and the United States (together, the "Federal Defendants") jointly stipulate to dismiss all remaining claims against the Federal Defendants without prejudice. Specifically, GAS and the Federal Defendants stipulate as follows.

GAS, the United States, and Bills stipulate that pursuant to the Westfall Act, 28 U.S.C. § 2679, Bills is immune from suit for the torts alleged in Count IX and Count X of the First Amended Complaint ("FAC") (ECF 6) because at all relevant times she was acting within the course and scope of her employment. *See* 28 U.S.C. § 2679(b)(1); *id.* § 2679(d)(1). GAS, the United States, and Bills further stipulate that, pursuant to the Westfall Act, the United States must be substituted in the place of Bills as the tort defendant with respect to Count IX and Count X of the FAC, and these claims must be dismissed with respect to Bills. 28 U.S.C. § 2679(d)(1).

With the United States substituted as the tort defendant in the place of Bills for Count IX and Count X, GAS and the United States further stipulate that this Court lacks jurisdiction over any tort claim against the United States because GAS did not exhaust the administrative remedy process prior to filing suit.  *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).  GAS and the United States accordingly stipulate that Count IX and Count X be dismissed for lack of subject matter jurisdiction.

GAS, Anderson, LaChapelle, and Bills stipulate that Count V of the FAC be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

GAS and the Federal Defendants further stipulate that each party to this stipulation shall bear its own costs.

A proposed order is submitted with this document.

Respectfully submitted,

Dated:  November 12, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By:  */s/ Philip A. Scarborough*
PHILIP A. SCARBOROUGH
Assistant United States Attorney

Attorneys for defendants the United States, Rebekah Bills, Rachael LaChapelle, and Michael Anderson

Dated:  November 12, 2021

CYRUS ZAL, A PROFESSIONAL CORPORATION

By:  */s Cyrus Zal*
CYRUS ZAL

Attorney for plaintiff Government App Solutions, Inc.

**ORDER**

Pending before the Court is the stipulation of plaintiff Government App Solutions, Inc., ("GAS"), and defendants Michael Anderson, Rachael LaChapelle, Rebekah Bills, and the United States (together, these defendants are referred to herein as the "Federal Defendants") to dismiss all remaining claims against the Federal Defendants. Good cause appearing, the stipulation is APPROVED.

GAS, Bills, and the United States have stipulated that at all relevant times, Bills was acting within the course and scope of her employment as a federal employee. Accordingly, to the extent Count IX and Count X of the First Amended Complaint ("FAC") (ECF 6) are asserted against Bills, Bills is immune to suit for those claims under the Westfall Act and the United States must be substituted in her place as the sole tort defendant under the FTCA. 28 U.S.C. § 2679(b)(1); *id.* § 2679(d)(1). GAS and the United States have stipulated that GAS did not complete the administrative remedy process required by the FTCA prior to filing this lawsuit. *See* 28 U.S.C. § 2675. Accordingly, this Court lacks subject matter jurisdiction over Count IX and Count X of the FAC to the extent those claims are based on Bills' conduct.

GAS, Anderson, Bills, and LaChapelle have stipulated to dismiss Count V of the FAC without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Accordingly, Count IX and Count X of the FAC are DISMISSED to the extent they are asserted against Bills, the United States is SUBSTITUTED in her place as the tort defendant, and Count IX and Count X are DISMISSED FOR LACK OF JURISDICTION to the extent those counts are based on Bills' conduct. Count V of the FAC is DISMISSED WITHOUT PREJUDICE in its entirety pursuant to stipulation.

GAS, Anderson, Bills, LaChapelle, and the United States shall each bear their own costs.

IT IS SO ORDERED.

Dated: November 15, 2021

Troy L. Nunley
United States District Judge